UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| ANTHONY JOSEPH PETERS, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>TWIST BIOSCIENCE CORPORATION, EMILY M. LEPROUST, and JAMES M. THORBURN,<br><br>Defendants. | United States District Court for the Northern District of California, Case No. 5:22-cv-08168-EKL<br><br>United States District Court for the District of Maine, Case No. |

**REQUEST FOR HEARING RE: DISCOVERY DISPUTE
PURSUANT TO LOCAL RULE 26(c)**

1. Has there been a good faith effort to resolve this dispute?        ☐ No   ☑ Yes

2. Name of the moving party and counsel requesting the hearing:

**Movant**:

      Twist Bioscience Corporation

**Counsel for Defendant/Movant Twist Bioscience Corporation**:

      Eamonn Hart (SBN: 5936)
      EHart@brannlaw.com
      Brann & Isaacson
      136 Commercial Street
      Portland, ME 04101-4704
      Telephone: (207) 786-3566

      James N. Kramer (pro hac vice forthcoming)
      jkramer@orrick.com
      M. Todd Scott (pro hac vice forthcoming)
      tscott@orrick.com

Orrick, Herrington & Sutcliffe LLP
The Orrick Building
405 Howard Street
San Francisco, CA 94105-2669
Telephone: (415) 773 5700
Facsimile: (415) 773 5759

James C. Rutten (pro hac vice forthcoming)
james.rutten@mto.com
Munger Tolles & Olson LLP
350 South Grand Avenue, 50th Floor
Los Angeles, CA 90071-3426
Telephone: (213) 683-9100
Facsimile: (213) 687-3702

Achyut J. Phadke (pro hac vice forthcoming)
achyut.phadke@mto.com
Munger Tolles & Olson LLP
560 Mission Street, 27th Floor
San Francisco, CA 94105-3089
Telephone: (415) 512-4000
Facsimile: (415) 512-4077


3. Provide a non-argumentative description of the dispute:

      Movant Twist Bioscience Corporation seeks an order compelling deposition testimony and document production from non-party Jeffrey Whitty no later than March 10, 2026. Defendants served the subpoena for depositions and documents on January 21, 2026 and Mr. Whitty, through counsel, has objected to appearing for the deposition.

      This discovery dispute arises out of a pending putative securities class action in the United States District Court for the Northern District of California ("Northern District"), *Peters v. Twist Bioscience Corporation, et al.*, Case No. 5:22-cv-08168-EKL. Plaintiff asserts claims under Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 and Sections 11 and 15 of the Securities Act of 1933 against Twist Bioscience Corporation ("Twist"), its CEO Emily M. Leproust, and its former CFO James M. Thorburn. The operative amended complaint alleges that Defendants made materially false and misleading statements during the putative class period, and relies heavily on allegations attributed to six unnamed former employees ("FE") of Twist to support these claims. Mr. Whitty is one of the FEs.

      Defendants moved to dismiss the action, and the Northern District permitted certain claims to proceed based on the statements attributed to these FEs. Discovery is now underway.

Defendants have sought to obtain deposition testimony and documents from certain FEs whose statements are quoted or paraphrased in the amended complaint. One former employee, identified in the amended complaint as FE-2, has executed a sworn declaration attesting that his "words [were] fabricated or mischaracterized [by Plaintiff] to unfairly accuse Twist, Dr. Leproust, and Mr. Thorburn of wrongdoing." (Decl. of Faris Abdelaziz ¶ 16.) Plaintiff alleges FE-2 said that Dr. Leproust and Mr. Thorburn presented financial metrics at Company meetings that "contradicted Defendants' public statements." (Am. Compl. ¶ 67(a).) Mr. Abdelaziz, however, declares under oath that he "never stated, and do[es] not believe, that Dr. Leproust or Mr. Thorburn presented any information at Twist's internal meetings that 'contradicted Defendants' public statements.'" (Decl. of Faris Abdelaziz ¶ 9.)

Mr. Whitty, a resident of Maine, is a former Twist employee identified in the amended complaint as FE-5. In denying Defendant's motion to dismiss as to the Section 11 claim, the Northern District relied on allegations attributed to Mr. Whitty to find that Plaintiff had sufficiently alleged that Defendants made false statements. *See* Order on Motion to Dismiss, ECF No. 117, N.D. Cal. Case No. 5:22-cv-08168-EKL (Sept. 3, 2025), at 28-29 (citing Am. Compl. ¶ 88). Defendants served a subpoena on Mr. Whitty seeking (1) his deposition testimony and (2) the production of certain categories of documents relating to the allegations attributed to him.

Defendants believe it important to obtain this discovery from Mr. Whitty promptly. Mr. Whitty's counsel acknowledges that his fees are being paid by Plaintiff's counsel. As set forth below, Mr. Whitty's counsel has refused to timely schedule Mr. Whitty's or any other FE deposition, citing the potential for future discovery by Plaintiffs. Without this Court's assistance, those actions will prevent Mr. Whitty's deposition from taking place until after a Court-ordered mediation scheduled for March 31, 2026, and potentially after Defendants' May 8, 2026 deadline to oppose Plaintiff's motion for class certification due on March 13, 2026:

- Mr. Whitty's counsel, who is representing not only Mr. Whitty but also several other FE witnesses, said that all his clients are categorically unavailable on the noticed deposition dates. Defendants offered to reschedule the depositions for any time during a multi-week period in February and March, and counsel did not agree to any date. Counsel declined to offer any alternative dates for Mr. Whitty or any of the other witnesses.

- Mr. Whitty's counsel stated that the depositions could not occur until after the subpoenaed FEs produce documents called for by the subpoenas, asserting that such production may not be completed until mid-April and further time must then be allowed to review the production. In response, Defendants' counsel substantially narrowed the document subpoenas. Mr. Whitty's counsel then agreed to produce documents in response to the narrowed request, but to date has not produced any documents.  Further, Mr. Whitty's counsel still objects to proceeding with the depositions until a court resolves the custodial document production dispute identified below.

- Mr. Whitty's counsel objects that Plaintiff may seek to re-depose his clients and asserts on that basis that Defendants may not proceed with their depositions. Plaintiff did not include certain FEs, including Mr. Whitty, on its list of requested Twist document custodians. After Defendants' subpoenaed those FEs, Plaintiff added them to Plaintiff's requested custodian list and stated that their depositions must be deferred until production of their Twist custodial files is complete. In response, Defendants stipulated that they will not use any unproduced Twist documents during the deposition. Yet Mr. Whitty still objects to proceeding with the deposition.

The foregoing has caused substantial delay, and, absent the Court's assistance, will prevent the deposition from going forward prior to the key upcoming case events noted above. Defendants ask the Court to compel deposition testimony and document production from Mr. Whitty no later than March 10, 2026.

4. Is discovery material necessary for the judge to review?       ☑No   ☐ Yes
     *(if the answer is "Yes", please answer Question 5)*

5. Please provide a brief description of any attached discovery documents.
     *(pursuant to Local Rule 26(c) only those excerpted discovery materials*
     *relevant to the dispute are to be provided to the Court. The party seeking the*
     *conference shall confer with opposing counsel and agree on the relevant*
     *discovery materials that should be submitted to the Court this this Request.)*

Dated:   February 17, 2026                    Signed by:   /s/ Eamonn Hart

Pursuant to L.R. 26(c), parties must file this document on the Court's CM/ECF system. Counsel are also reminded that unrepresented parties are not able to view this document on CM/ECF; therefore, as part of the good faith effort to resolve the dispute required by L.R. 26(c) prior to filing, counsel are to serve this document and any supporting documents related to the discovery dispute on any unrepresented party by means other than CM/ECF.